UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CIVIL ACTION NO. 08-CV-147-WOB

TRAVIS WAYNE BUSH                                                                                    PLAINTIFF

VS:                           MEMORANDUM OPINION AND ORDER

CAMPBELL COUNTY DETENTION CENTER, ET AL.,                          DEFENDANTS

    Travis Wayne Bush is confined in the Kentucky State Reformatory ("KSR") which is located in LaGrange, Kentucky. Bush has filed a *pro se* civil rights action asserting claims under 42 U.S.C. § 1983. The Court screens civil rights complaints pursuant to 28 U.S.C. § 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).

    A *pro se* complaint is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). Under 28 U.S.C. § 1915(e)(2), a district court has authority to dismiss a case at any time if it determines either that the action is frivolous or malicious, or that it fails to state a claim upon which relief can be granted.

CLAIMS ASSERTED

    Bush claims that the CCDC defendants violated his rights under the Eighth Amendment of the United States Constitution. Specifically, Bush alleges that the defendants failed to provide him with adequate and proper medical care between August of 2007 and October 2007.

    Although Bush is currently confined in the KSR, he states that his claims arose between

August of 2007 and October of 2007 [*See* Record No. 2, p.3]. Bush states that during this period, he was confined in the Campbell County Detention Center ("CCDC").

## NAMED DEFENDANTS

The named defendants are: (1) the CCDC; (2) Greg Buckler, Jailer of the CCDC; and (3) the "Medical Director" and/or the "Responsible Medical Authority" of the CCDC, whom Bush does not identify by name. [1].

## RELIEF REQUESTED

Bush seeks $20,000,000.00 in compensatory damages. Bush also seeks "improved" medical procedures for inmates.

## ALLEGATIONS OF THE COMPLAINT AND SUBSEQUENT FILING

Bush alleges that in July of 2007, he underwent a serious surgical procedure to remove a tumor in his inner ear tube. He alleges that, when he came to the CCDC, he explained to the medical staff that his ear condition would require substantial follow-up, and that his surgery rendered him very susceptible to infection.

Bush claims that CCDC medical staff refused to allow him to have the necessary follow-up medical treatment. He alleges that as a result of that refusal, he incurred a staph infection which has caused him serious and permanent medical problems. Bush attached medical records to his complaint. These records indicate that Bush received ongoing medical treatment at the CCDC between August of 2007 and October 2007 [*See* "Campbell County Detention Center

---

[1] Bush refers to this person as "Physician" [Record No. 2, p.1]. The Clerk of the Court will be directed to list the "Medical Director of the CCDC" as the third defendant to this action.

Interdisciplinary Progress Notes," Record No. 2-2, pp. 14-19].

Attached to the Complaint is a grievance which Bush filed with **KSR** officials on March 27, 2008. In that grievance, he complained about the lack of medical care [*See* "Department of Corrections Inmate Grievance Form," Record No. 2-2, pp. 3-5]. On August 19, 2008, the Court entered an Order directing Bush to file documentation as to his efforts to administratively exhaust his medical claims alleged to have arisen between August of 2007 and October 2007, **while he was confined in the CCDC** [*See* Order, Record No. 5].

In response, Bush filed a "Pro Se Statement to Court's Order of August 19, 2008," in which he explained his exhaustion efforts [*See* Record No. 6, September 5, 2008]. In that filing, Bush stated that on August 24, 2007, he filed his first request for medical treatment at the CCDC [*Id.*, p.1]. He stated that on August 24, 2007, he was secreting fluid and blood chunks from his ear, and that an Ear Nose and Throat doctor should have removed the gauze [*Id.*].

Bush stated that he received no treatment and that his earlobe became infected [*Id*]. He stated that he waited weeks without being seen by medical personnel. [*Id*]. Bush alleged that he wrote a letter to CCDC Jailer Buckler "complaining about the lack of medical treatment and informing him of the severity of Plaintiff's condition."[*Id.*, p. 2].

Bush neither provided the date of that letter, nor attached a copy of his letter to Jailer Buckler for the Court's review.[2]  He stated that at about the same time he sent the letter to

---

[2]

The exhaustion documentation which Bush attached consisted of:
(1) A February 4, 2008 letter to CCDC Jailer Buckler, in which he requested copies of his medical records while confined at the CCDC, from June 30, 2007 through November 30, 2007 [Record No. 6, p.3];
(2) An August 21, 2008 "Request to Inspect Public Records" Form, filed under KRS

CCDC Jailer Buckler, he was transferred to the Roederer Correctional Complex [*Id*].

## DISCUSSION
### 1. Claims Against the CCDC

Bush has named the CCDC as a defendant. The CCDC is not a "person" subject to suit under § 1983, because municipal departments, such as jails, are not suable under § 1983. *See Rhodes v. McDannel,* 945 F.2d 117, 120 (6th Cir.1991) (holding that a police department may not be sued under § 1983); *Marbry v. Corr. Med. Serv.,* 238 F.3d 422, *2 (Table) (Unpublished Disposition) (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983); *Coffey v. Miami County Jail*, 2007 WL 316262, 2 (S. D. Ohio, 2007) (the Miami County Jail is neither a "person" under § 1983 nor an entity capable of being sued under § 1983); and *Penwell v. Markham*, 2008 WL 5169566, 1 (W. D. Ky., December 9, 2008 ) (Only Westlaw Citation available) (the Crittenden County Detention Center is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983).[3] Plaintiff Bush's claims against the CCDC will be dismissed with prejudice.

To the extent that the complaint could be construed as asserting a claim against the governing body of Campbell County, presumably the Campbell County Fiscal Court, that claim

---

Chapter 61, addressed to the CCDC [Record No. 6-2, p.1], and;
    (3)    A "Grievance Form" dated August 5, 2008, which Bush filed with the Kentucky Board of Medical Licensure against "the Responsible Medical Party at the Campbell County Detention Center." [*Id.*, p.2].

[3]

Case law from other jurisdictions reaches the same result. *See De La Garza v. Kandiyohi County Jail*, 18 Fed. Appx. 436, 437 (8th Cir.2001) (neither a county jail nor a sheriff's department is a suable entity); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992); and *Ferguson v. Dallas County Jail*,1997 WL 86459, at *1 (N. D. Tex. Feb. 26, 1997) (noting that the county jail lacks separate jural existence and is not a separate entity subject to suit).

would also lack merit. In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018 (1978), the Supreme Court "conclude[d] that a municipality cannot be held liable solely because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under §1983 on a respondeat superior theory." *Id*. at 691. *Monell* holds that there must be a direct causal link between a county policy and the alleged constitutional violation such that the county's deliberate conduct can be deemed the moving force behind the violation. *Id*.

In order "[t]o establish municipal liability pursuant to § 1983, a plaintiff must allege an unconstitutional action that 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' or a 'constitutional deprivation [ ] visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels.'" *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir.2003) (quoting *Monell*, 436 U.S. at 690-91), *cert. denied*, 541 U.S. 1041 (2004). *See also Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 106 S.Ct. 1292 (1986) ("A municipality may be held liable under §1983 for a rights violation when either the municipality had an unlawful policy or practice that caused the rights violation, or a municipal 'policymaker' directly caused the rights violation.").

Bush has not alleged the existence of such a pattern or policy on the part of Campbell County officials. He alleges only that certain CCDC employees denied him medical treatment and medicine. Bush's claims against the CCDC and/or its governing body, presumably the Campbell Fiscal Court, will be dismissed with prejudice, for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915 (e)(2)(ii).

5

2. Claims Against Jailer Buckler and the CCDC "Medical Director"

Plaintiff Bush has not specified the capacity in which he is suing either Jailer Buckler or the CCDC Medical Director.

A. Individual Capacity Claims

In light of *Jones v. Bock*, 127 S.Ct. 910, 913-15 (2007), Jailer Buckler and the CCDC Medical Director are directed to respond to Bush's claims and, if pertinent, the issue of exhaustion. These defendants will be required to respond in their *individual* capacities, only.

B. Construed Official Capacity Claims

To the extent that Bush may be attempting to assert a claim against these defendants in their official capacities, his claims suffer from a defect.

As noted in the preceding passages, Bush has not asserted a valid claim against the "Campbell County Detention Center" because such an entity is not subject to suit. As also set forth in the preceding passages, the Court has further explained that, under *Monell* doctrine, Bush has not asserted a valid § 1983 claim against the Campbell County Fiscal Court, because he has failed to allege either that the governing body of Campbell County (presumably its Fiscal Court) was the "moving force" behind the alleged deprivation or that the governing body of Campbell County played a part in the violation of federal law.

This leaves a possible, construed claim against Defendant Jailer Buckler and the CCDC Medical Director in their official capacities. A suit against an individual in his "official capacity" has been held to be essentially a suit directly against the local government unit. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Leach v. Shelby County Sheriff*, 891 F.2d

6

1241, 1245 (6th Cir. 1989); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 68, 109 S. Ct. 2304, 2310-11(1989) (A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity); *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir.2008) (Official-capacity suits brought against employees of the jail are the same as suing the jail).

Official capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent'. . . . As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 3105 (1985) (citations omitted).

In *Kentucky v. Graham*, the Supreme Court explained:

"On the merits, to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right. . . . **More is required in an official-capacity action, however, for a governmental entity is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation, . . . thus, in an official-capacity suit the entity's "policy or custom" must have played a part in the violation of federal law**."

*Kentucky v. Graham*, 473 U.S. at 166, 105 S. Ct. at 3105 (citations omitted)(emphasis added).

The discussion in *Matthews* is also instructive. There, the Sixth Circuit analyzed an official capacity claim asserted against the chief of the Jefferson County Police Department. The Court explained as follows:

Matthews sued Chief Jones only in his official capacity as the Chief of the Jefferson County Police Department. A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 68, 109 S. Ct. 2304, 2310-11, 105

7

>L. Ed.2d 45 (1989). Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint. *See Smallwood v. Jefferson County Government*, 743 F. Supp. 502, 503 (W. D. Ky.1990); Ky. Rev. Stat. Ann. § 95.010(e) (Baldwin 1989); *see also Brown v. Marshall County*, 394 F.2d 498 (6th Cir.1968). **The County may be held liable for Matthews's injuries only if those injuries were the result of an unconstitutional policy or custom of the County. Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed.2d 611 (1978)**."

*Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 994) (Emphasis Added).

Thus, well-established law dictates that: (1) official capacity claims are the equivalent of claims against the governmental body, *see Kentucky v. Graham*, 473 U.S. at 166, and (2) a claim against a municipal governing body must allege that the entity was the "moving force" behind the alleged deprivation or that the governing body played a part in the violation of federal law, *see Monell* 436 U.S. at 694, 98 S. Ct. at 2038.[4]

The Court has already determined that Plaintiff Bush has not alleged the existence of an unconstitutional policy statement, ordinance, regulation, or decision officially adopted and promulgated by the governing body of the Campbell County, *i.e.*, its Fiscal Court, as required by the *Monell* doctrine.[5] For these reasons, the Court is also compelled to find that any

---

[4] In *Leach v. Shelby County Sheriff*, the court stated as follows: "The central issue is whether the facts here are sufficient to establish liability of the Sheriff in his official capacity, specifically, whether the facts sufficiently demonstrate a "custom or policy" of the County as required for liability under *Monell, supra*." *Leach*, 891 F.2d at 1244.

[5] The Supreme Court has rejected the doctrine of respondeat superior as a basis for establishing municipal liability. Instead, it has determined that "municipalities could be held liable only when an injury was inflicted by a government's 'lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 108 S. Ct. 915, 923 (quoting *Monell*, 436 U.S. at 694, 98 S.Ct. at 2038).

construed *official capacity* claims against Jailer Buckler and the CCDC Medical Director must be dismissed. Bush's claims against Jailer Buckler and the CCDC Medical Director, in their official capacities, will therefore be dismissed with prejudice for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(ii).

## CONCLUSION

Accordingly, **IT IS SO ORDERED**:

(1) The Clerk of the Court is directed to list the "Medical Director of the Campbell County Detention Center" as the third defendant to this action.

(2) Plaintiff Travis Wayne Bush's claims against the "Campbell County Detention Center" are **DISMISSED WITH PREJUDICE**. The Clerk is directed to note in the CM/ECF docket sheet that the claims against this defendant are "Terminated."

(3) Plaintiff Travis Wayne Bush's Eighth Amendment claims against: (A) Campbell County Detention Center Jailer Greg Buckler and (B) the "Medical Director" of the Campbell County Detention Center, in their **official** capacities, are **DISMISSED WITH PREJUDICE**. The Clerk is directed to note in the CM/ECF docket sheet that the **official** capacity claims against these defendants are "Terminated."

(4) The Clerk of the Court is directed to issue summonses for the following defendants, in their **individual** capacities: (A) Greg Buckler, the Jailer of the Campbell County Detention Center; and (B) the "Medical Director" of the Campbell County Detention Center.

(5) The Covington Clerk's Office shall prepare as many copies of the Complaint [Record No. 2] and "Pro Se Statement Notice of Filing" [Record No. 6] **and** copies of this Order

as there are summonses issued and complete the requisite number of the United States Marshals' Office ("USM") Form(s) 285.

  (a)  If insufficient information exists to sufficiently or effectively complete any summons or USM Form 285 regarding the defendant, the Clerk shall promptly make a clerk's entry in the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate service.

  (b)  The Covington Clerk's Office shall forward to the USM by hand-delivery the following documents: (1) the summons issued; (2) the requisite number of USM Forms 285; (3) the requisite number of the "Complaint" and the "Notice of Filing" [Record Nos. 2 and 6]; (4) the requisite number of copies of this Order; and (5) any other documents necessary to effectuate service.

  (c)  The Covington Deputy Clerk making the delivery of the summons and copies to the USM shall obtain from that office a receipt for the documents, which receipt shall be entered into the instant record by the Clerk.

  (d)  The USM shall serve the documents specified in the preceding paragraph of this Order on the defendant to this action; service to be made by certified mail, return receipt requested, or by personal service at the option of the USM.

  (6)  Within 40 days of the date of entry of this Order, the USM shall send a Service Report to the Covington Clerk's Office, which the Deputy Clerk shall file in the record, which states whether service has been accomplished.

    a.  For each defendant to be personally served, the Service Report shall indicate:

        (1).    that the defendant was successfully served personally; or

        (2).    a statement explaining what efforts are being taken to locate the defendant and accomplish personal service.

    b.    For each defendant who was to receive copies to be served by registered or certified mail, the Service Report shall include:

        (1).    the green mail receipt card showing proof of service; or

        (2).    a statement that the green card was not returned from the U.S. Postmaster, along with a "Track-and-Confirm" report from the U.S. Postal Service showing that a proof of delivery does not exist.

(7)    The USM Office is responsible for ensuring that each defendant is personally served with process. In the event that an attempt at personal service upon the defendant is unsuccessful, the USM Office shall make further attempts or pursue other such information as is necessary to ensure successful service.

(8)    The Covington Clerk is further directed to serve a copy of this Order on the Kentucky Department of Corrections, and to note the service in the docket sheet.

(9)    The plaintiff shall keep the Clerk of the Court informed of his current mailing address. **Failure to notify the Clerk of any address change may result in a dismissal of this case**.

(10)    For every further pleading or other document he wishes to submit to the Court for consideration, the plaintiff shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. **The plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each**

**defendant or counsel.**

(11)     **If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.**

This 19th day of March, 2009.



Signed By:
*William O. Bertelsman*  WOB
United States District Judge